Dear Ms. Godfrey:
This office is in receipt of your opinion request, wherein you ask the following legal questions:
 1. Will being a candidate for the Sabine Parish School Board, while employed as a Title I School Improvement Coordinator serving my home parish, but receiving funding from Natchitoches Parish, violate any state ethic rules or any Louisiana laws?, and
 2. Will serving on the Sabine Parish School Board, while employed as a Title I School Improvement Coordinator serving my home parish, but receiving funding from Natchitoches Parish, violate any state ethic rules or any Louisiana Laws?
Your questions necessarily require review of our state's Dual Officeholding and Dual Employment Laws, LSA-R.S. 42:61, et seq. Therein, the following provisions are applicable:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
Under Louisiana law, specifically, LSA-R.S. 42:62 (9), school boards are considered political subdivisions. Members of a school board are elected officials. The second sentence of LSA-R.S.42:63 (D) states that an elected official of a political subdivision shall not "hold at the same time employment in the government of this state." The "government of this state" includes all branches of government, i.e., executive, legislative, and judicial. LSA-R.S. 42:62 (6) states, in pertinent part:
 (6) The executive branch of state government includes the following named officers and all other officers agents employees or other persons holding or exercising an employment with them, namely the governor; lieutenant governor; secretary of state; attorney general; treasurer; commissioner of agriculture; commissioner of insurance; superintendent of education; commissioner of elections; members of the State Civil Service Commission, the Public Service Commission, the Board of Regents the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College the Board of Supervisors of Southern University and Agricultural and Mechanical College, the State Board of Elementary and Secondary Education, the Board of Trustees for State Colleges and Universities and the State Bond Commission. The executive branch shall also include the officers, members, agents, and employees of any department, office, agency, instrumentality, board, commission, or other entity created by the constitution or by law whose functions are not primarily legislative, judicial, or local in nature or operation. (Emphasis added).
Since you are employed by the Louisiana State Department of Education you hold employment within the executive branch of state government. Applying the provisions of law cited we conclude that a person cannot without violating the Dual Officeholding provisions hold elective office as a school board member and also be an employee of the state Department of Education.
Note that the law would not prohibit you from seeking elective office while employed with the state as the prohibition becomes effective upon your election to office. Ethical considerations concerning your participation in a campaign effort while holding full-time state employment should be directed to the Commission on Ethics for Public Employees the Board of Ethics for Elected Officials 8401 United Plaza Blvd., Suite 200, Baton Rouge, Louisiana, 70809. Finally compensation, in general has no effect upon the permissiveness or disallowance of the simultaneous holding of these offices under these circumstances.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL